COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JOSE
 RAMIREZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00410-CR
  
 Appeal from the
  
 363rd District Court
  
 of Dallas County, Texas
  
 (TC# F-0157306-PW)
 
 




 

MEMORANDUM
OPINION

Jose Ramirez appeals from convictions
on two counts of theft, both state jail felonies.  We affirm.

Factual Summary

On or about September 28, 2001 in
Dallas County, Texas, appellant Jose Ramirez was arrested and charged with
theft of a motor vehicle, of the value of at least $1,500 but less than
$20,000.  He was tried to a jury, which
found him guilty, and assessed the maximum sentence of two years= confinement and a fine of $2,500.

Ramirez raises four issues:  improper jury instruction, improper argument,
factual sufficiency, and improper standard of review for factual sufficiency.








The evidence established that early
on the morning of September 28, 2001, Ramirez and two other men backed a tow
truck up to a Pontiac Grand Am owned by Ronelle Bond, a.k.a. Ronelle
Pitman.  Pitman testified she saw two
Hispanic men hooking up chains to the car, and an African American man standing
at the window of the Grand Am.  Cortez
Bond, Pitman=s husband, identified Ramirez as one
of the Hispanic men who were hooking up chains to the car.  Bond testified that when he confronted the
men, the tow truck took off with the Grand Am behind it.  It dragged the car about fifty feet, stopped,
and the men took off.  Bond said while he
was unhooking the car Ramirez and one of the other men drove by in another
car.  Ronelle Bond identified defendant
as one of the men who was trying to tow the car.  Neither witness was able to identify or
describe in detail the facial features of Ramirez=s two alleged accomplices, other than
to say they were a black man of medium build and a slender build Hispanic with
a long face and no facial hair.

During sentencing, the trial court
instructed the jury that the court would have the power to probate any sentence
imposed by the jury.  The prosecutor repeated
that portion of the instruction during closing argument.  The pertinent portion of the charge given to
the jury is as follows:

You are
further instructed that the Court may suspend the imposition of the sentence of
confinement and place the defendant on community supervision for a period of
not less than 2 years nor more than 5 years.

 

Ramirez
properly raised objection during trial.

 








Issues One and Two:  The trial court improperly allowed mention of
court=s power to probate sentence in both jury charge and in
closing argument.

 

The purpose of jury argument is to
help the jury analyze evidence in order to reach a just and reasonable
verdict.  Campbell v. State, 610
S.W.2d 754, 756 (Tex. Crim. App. 1980). 
Jury argument must fall within four general parameters:  (1) summation of evidence properly before the
jury; (2) reasonable deduction from that evidence; (3) an answer to argument of
opposing counsel; or (4) plea for law enforcement.  Cannon v. State, 668 S.W.2d 401, 404
(Tex. Crim. App. 1984); Laca v. State, 893 S.W.2d 171, 184-85 (Tex.
App.--El Paso 1995, pet. ref=d).

Ramirez asserts it was error for the
trial court to include in its jury charge, and allow the prosecution to argue,
that the judge had the authority to probate any jail sentence imposed by the
jury.  Ramirez asserted at trial that the
judge did not have the power to probate his sentence.  He did not articulate precisely why the judge
could not probate the sentence, but the exchange at the sentencing portion of
the trial provides a hint of his reasoning:

THE
COURT:  Any objection from the Defense?

 

MR.
BOYLE:  Judge, I guess I have to object
to this thing, because these ‑‑ you are further instructed that
only the Court may suspend the imposition.

It may
give a false impression to the jury that maybe if we give him two years the
judge will give him five years probation, when in reality ‑‑

 

THE
COURT:  But that=s the law.

 

MR.
BOYLE:  He can=t get any probation either from you.

 








THE
COURT:  He can.

 

MR.
BOYLE:  Not in this type of case.

 

THE
COURT:  I=m the
only one that can give him probation.  It=s just the jury can=t do it.

 

MR.
BOYLE:  But if he elects to go to you ‑‑

 

THE
COURT:  But if the jury gives him time, I
can still suspend it and put him on probation, but I=m the only one who can do it.  The jury can=t do it,
and that=s what I=m
instructing them.  Only I can do it, not
the jury.

I=m the only one who can suspend the imposition of the
sentence and place him on a community supervision.

 

MR.
BOYLE:  I think it=s only if he elects to go to you, so I just have to
object to that.

 

THE
COURT:  Oh, no, he doesn=t have to go to me for me to still put him on
probation.  It=s just that I can choose not to put him on
probation.  But even if the jury give him
time, I can still, if I want to, put him on probation.  And I=m just
instructing them on the law.

 

MR.
BOYLE:  I just have to object to that,
Judge.  It makes it‑‑well,
let=s give him two 
years, because the judge can control him for five years, when the
reality is I don=t think he can get probation.

 

THE
COURT:  It further instructs that the
Court may.  It=s not saying that the Court will; it=s saying that the Court may, and that=s totally discretionary to me.

 

MR.
BOYLE:  Okay.

 

THE
COURT:  So the Court will note that. 

 








Counsel for Ramirez does not allege
that this statement by the court is erroneous. Nor does he precisely state why Athis type of case@ is ineligible for suspension of
sentence by a judge, as is typically the case in most state jail felonies, as
provided for in the general provisions of article 42.12, section 15.  He does cite the general penumbra of sections
3(e)(2) and 4(d)(2) of article 42.12. Those sections provide that:

A
defendant is not eligible for community supervision under this section if the
defendant: (1) is sentenced to a term of imprisonment that exceeds 10 years; or
(2) is sentenced to serve a term of confinement under Section 12.35, Penal
Code.  Tex.
Code Crim. Proc. Ann. art. 42.12, '
3(e)(1)(2); ' 4(d)(1)(2) (Vernon Supp. 2003).

 

Section 12.35(c)(2)(A) of the Texas
Penal Code concerns State Jail Felonies and allows for community supervision in
many cases.  The face of these two
sections would seem to imply exactly what Ramirez assertsBthat he was not eligible for
community supervision because he was being sentenced under section 12.35.  However, the admonition in article 42.12 that
says supervision is not allowed is nothing more than a general statement, which
is more precisely defined in section 15 of article 42.12:

On conviction of a state jail felony punished under
Section 12.35(a), Penal Code, the judge may suspend the imposition of the
sentence and place the defendant on community supervision or may order the
sentence to be executed.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 15(a) (Vernon Supp. 2003).

 








The State correctly argues that if
Ramirez= argument were generally true, then
no one punished under a state jail felony could ever receive a probated
sentence.  That could not have been the
intention of the Legislators, under statutory interpretation which looks to the
literal text to give effect to the plain meaning of the language.  The Texas Legislature made broad provisions
within section 12.35 to provide trial courts with latitude in sentences for
non-violent state jail felonies.  See Tex. Penal Code Ann. ' 12.35 (Vernon 2003).

The record reflects Ramirez was
indicted on two counts of theft over $1,500 but less than $20,000, a state jail
felony.   See Tex.
Penal Code Ann. ' 12.35 (Vernon 2003). 
Thus, he is eligible for a sentence under Texas Code of Criminal
Procedure article 42.12, section 15(a). 
While community supervision is not automatic, the trial court has the
discretion to determine whether to impose or suspend a defendant=s sentence.

Ramirez asserts that once the jury
found him guilty, he was not eligible for community supervision, regardless of
whether the jury or judge imposed sentence. 
It is true that there are certain circumstances in which a state jail
felony is punishable as a third-degree felony, but there is nothing in the
record to suggest Ramirez= crime was punished as a third-degree felony.

All evidence in the record indicates
Ramirez was eligible for community supervision. 
The court=s charge and the State=s comments were a proper articulation
of the law, and fit well within the parameters approved for argument. Therefore
there was no error.  The first two issues
presented are overruled.

Third and Fourth Issues
Presented:  Factual Sufficiency, and
Request for Abrogation of Factual Sufficiency Standard of Review.

 








Next, Ramirez alleges the facts do
not support his conviction for theft, and the standard of review for factual
sufficiency is too demanding.  The
standard of review for factual sufficiency is that all evidence must be
considered, but not in the light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Levario v. State, 964 S.W.2d 290, 295 (Tex.
App.--El Paso 1997, no pet.).  This Court
reviews the evidence weighed by the jury that tends to prove the existence of
the elemental fact in dispute and compares it with the evidence that tends to
disprove the same fact.  Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996).

A defendant challenging the factual
sufficiency of the evidence may allege that the evidence is so weak as to be
clearly wrong and manifestly unjust, or in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight and preponderance of the evidence.  See Johnson, 23 S.W.3d at 11. Although
we are authorized to set aside the fact finder=s determination under either of these
two circumstances, our review must employ appropriate deference and should not
intrude upon the fact finder=s role as the sole judge of the weight and credibility given
to any evidence presented at trial.  See
Johnson, 23 S.W.3d at 7.  We are not
free to re-weigh the evidence and set aside a verdict merely because we feel
that a different result is more reasonable. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis,
922 S.W.2d at 135.








In this case, the evidence against
Ramirez included the testimony of two witnesses who identified Ramirez as one
of the men who tried to tow the car. 
Ramirez asserts that because the witnesses were both unable to identify
the other suspects, because there was no fingerprint evidence, and because
there are alternate explanations for some of the evidence against him, the
evidence is factually insufficient. 
Appellant contends this is a more demanding standard than a legal
sufficiency challenge.

Ramirez says no defendant will be
able to show the verdict is manifestly unjust where there is some evidence to
support the jury=s verdict, and where the court defers to the jury=s weight and credibility
determinations.  He argues that since the
defendant must prove there was no evidence to support the jury=s verdict, this is more demanding
than having to show the evidence is legally insufficient under the Jackson standard.  He urges that the Ablinders@ of the factual sufficiency standard
be removed, and this Court considers the evidence under a legal sufficiency
standard.  Appellant admits under the
existing standard for factual sufficiency, the evidence justifies the jury=s holding.

The Texas Court of Criminal Appeals
considered an argument against the standard of review for factual sufficiency in
Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000).  It concluded that:

After extensive investigation into hundreds of
opinions that have conducted factual sufficiency reviews, there exist no
indications the standard has become Aunworkable,@ especially to the degree this Court would feel
justified in overruling existing precedent. 
Id. at 8.

 








It is true that the witnesses against
Ramirez provided little or no physical description of the alleged suspects
before pointing to Ramirez as the perpetrator when he  was in the car that drove past the scene
about fifteen minutes after the incident. 
It is also true the witnesses were unable to provide detailed
descriptions of the other two alleged accomplices.  In addition, it is undisputed that there was
no fingerprint evidence against Ramirez despite the fact the complaining
witnesses said the suspects had their hands all over the car, and they did not
recall whether they wore gloves. 
However, it is also undisputed that both witnesses unequivocally
identified Ramirez as one of the men who tried to steal their car by hooking it
up to the stolen tow truck.  Therefore,
it cannot be said that the judgment of the jury was so against the great weight
of the evidence that it is manifestly unjust. 
Appellant also fails to provide an argument that justifies the treatment
of this appellant differently from any other in Texas.

This Court has no authority to
overrule Texas Court of Criminal Appeals precedent.  The third and fourth issues presented are
overruled.

Conclusion

Having overruled each of the issues
presented by Ramirez, this Court affirms the ruling of the trial court.

SUSAN
LARSEN, Justice

October 30, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)